UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

**25-CR-60206-DAMIAN/VALLE**
Case No. _____

18 U.S.C. § 1349
18 U.S.C. § 981(a)(1)(C)

UNITED STATES OF AMERICA

vs.

**LEMUEL PIERRE,**

Defendant.
_____/

FILED BY **BM** D.C.

Sep 4, 2025

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

## INDICTMENT

The Grand Jury charges that:

### GENERAL ALLEGATIONS

At all times relevant to this Indictment:

### Requirements to Become a Registered Nurse or Licensed Practical Nurse

1. State Boards of Nursing were established to protect the public's health by overseeing and assuring the safe practice of nursing. Boards of Nursing achieved this mission by establishing the standards for safe nursing care and issuing licenses authorizing the practice of nursing. Once a license was issued, the Boards of Nursing held licensees to provisions defined in state laws and, when necessary, acted against the licenses of those nurses who have exhibited unsafe nursing practice.

2. The purpose of a professional license was to protect the public from harm by setting minimal qualifications and competencies for safe entry-level practitioners. Nursing was regulated because it is one of the health professions that poses a risk of harm to the public if practiced by someone who is unprepared and/or incompetent.

3. Typical components of licensure to be a Licensed Practical Nurse ("LPN") or an Associate in Science in Nursing Program ("ASN") included, among other things, verification of graduation from an approved pre-licensure nursing program, verification of successful completion of the National Council Licensure Examination ("NCLEX"), a criminal background check and, in some states, continuing education credits.

4. The Nurse Licensure Compact increased access to care while maintaining public protection at the state level. Under the Nurse Licensure Compact, nurses could practice in other Nurse Licensure Compact states, without having to obtain additional licenses. Approximately 42 states, including Florida, have enacted Nurse Licensure Compact legislation. The Nurse Licensure Compact required that every LPN or ASN graduate from a board-approved nursing prelicensure education program. Each state's nursing board governed the approval of nursing education programs.

**Defendant and Related Entities**

5. Med-Life Enterprise, Inc. ("Med-Life Enterprise") was a Florida company with a listed address of 4000 N. State Road 7, Third Floor, Lauderdale Lakes, Florida.

6. Med-Life Institute, d/b/a "Med-Life Institute, Lauderdale Lakes" ("Med-Life Lauderdale Lakes") was a Florida company with a listed address of 4000 N. State Road 7, Third Floor, Lauderdale Lakes, Florida. Med-Life Lauderdale Lakes was authorized to offer LPN and ASN nursing degree programs.

7. Med-Life Institute, d/b/a "Med-Life Institute, Kissimmee" ("Med-Life Kissimmee") was a Florida company with a listed address of 1368 E. Vine Street, Kissimmee, Florida. Med-Life Kissimmee was authorized to offer LPN and ASN degree programs.

8. Med-Life Institute, d/b/a "Med-Life Institute, Naples" ("Med-Life Naples") was a Florida company with a listed address of 4995 E. Tamiami Trail, Naples, Florida. Med-Life Naples was authorized to offer LPN and ASN degree programs.

9. Defendant **LEMUEL PIERRE**, a resident of Broward County, was the owner of Med-Life Enterprise, Med-Life Lauderdale Lakes, Med-Life Kissimmee, and Med-Life Naples (collectively, "the Med-Life Entities").

## COUNT 1
## Conspiracy to Commit Wire Fraud
## (18 U.S.C. § 1349)

1. The General Allegations section of this Indictment is re-alleged and incorporated by reference as if fully set forth herein.

2. From in or around August 2015, through in or around April 2022, in Broward County, in the Southern District of Florida, and elsewhere, the defendant,

**LEMUEL PIERRE,**

did willfully, that is, with the intent to further the object of the conspiracy, and knowingly combine, conspire, confederate, and agree with others known and unknown to the Grand Jury, to commit wire fraud, that is, to knowingly and with the intent to defraud, devise and intend to devise a scheme and artifice to defraud and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, knowing the pretenses, representations, and promises were false and fraudulent when made, and for the purpose of executing the scheme and artifice, did knowingly transmit and cause to be transmitted by means of wire communication in interstate and foreign commerce, certain writings, signs, signals, pictures and sounds, in violation of Title 18, United States Code, Section 1343.

## Purpose of the Conspiracy

3. It was the purpose of the conspiracy for the defendant and his co-conspirators to unlawfully enrich themselves by, among other things, selling fraudulent nursing diplomas, educational transcripts, and other credentials, and assisting the purchasers in fraudulently obtaining licensure and employment in the healthcare field.

## Manner and Means of the Conspiracy

The manner and means by which the defendant and his co-conspirators sought to accomplish the object and purpose of the conspiracy included, among others, the following:

4. **LEMUEL PIERRE** and others sold false and fraudulent diplomas, educational transcripts, and other documents (collectively, "fraudulent documents") from the Med-Life Entities to co-conspirators. The fraudulent documents falsely represented that the co-conspirators had completed the necessary courses and/or clinical training to obtain nursing degrees from the Med-Life Entities, when in fact the co-conspirators had never completed the necessary courses and/or clinical training.

5. Co-conspirators recruited aspiring nursing students and paid **LEMUEL PIERRE** to provide the false and fraudulent diplomas and transcripts to the students even though they never completed the course work or clinical training.

6. In furtherance of the conspiracy, co-conspirators made electronic payments, by means of interstate wire communication, to **LEMUEL PIERRE** and others for providing the fraudulent documents.

7. Using the fraudulent documents, **LEMUEL PIERRE** and others assisted co-conspirators to obtain fraudulent nursing licenses from state licensing agencies.

8. Co-conspirators used the fraudulent documents created and distributed by **LEMUEL PIERRE** and others to fraudulently obtain employment and benefits at various unwitting health care providers throughout the country. Those health care providers hired and paid salaries, wages, and other benefits to the employees based on their fraudulent nursing credentials.

9. **LEMUEL PIERRE** and others used the proceeds of the fraud for their personal use and benefit, and to further the conspiracy.

All in violation of Title 18, United States Code, Section 1349.

## FORFEITURE
### (18 U.S.C. § 981(a)(1)(C))

1. The allegations contained in this Indictment are hereby re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of certain property in which the defendant, **LEMUEL PIERRE**, has an interest.

2. Upon conviction of a violation of Title 18, United States Code, Section 1349, as alleged in this Indictment, the defendant shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to such offense, pursuant to Title 18, United States Code, Section 981(a)(1)(C).

3. The property subject to forfeiture as a result of the alleged offense includes, but is not limited to, the following:

   i. a forfeiture money judgment in the sum of $9,099,325.30 in U.S. currency, which sum represents the value of the property subject to forfeiture;

   ii. substitute property, including, but not limited to: real property located at 11065 Canary Island Court, Plantation, Florida; and

   iii. substitute property, including, but not limited to: real property located at 10842 Blue Palm Street, Plantation, Florida.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C) and the procedures set forth in Title 21, United States Code, Section 853, as incorporated by Title 28, United States Code, Section 2461(c).

A TRUE BILL

███████████████

GRAND JURY FOREPERSON

_____
JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

_____
CHRISTOPHER J. CLARK
ASSISTANT UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

CASE NO.: **25-CR-60206-DAMIAN/VALLE**

v.

LEMUEL PIERRE,

**CERTIFICATE OF TRIAL ATTORNEY**

_____/
Defendant.

**Superseding Case Information:**
New Defendant(s) (Yes or No) _____
Number of New Defendants _____
Total number of new counts _____

**Court Division** (select one)
- [ ] Miami
- [ ] Key West
- [ ] FTP
- [x] FTL
- [ ] WPB

I do hereby certify that:
1. I have carefully considered the allegations of the Indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.
2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, 28 U.S.C. §3161.
3. Interpreter: (Yes or No) No
   List language and/or dialect: _____
4. This case will take __5__ days for the parties to try.
5. Please check appropriate category and type of offense listed below:

   (Check only one)
   - I [x] 0 to 5 days
   - II [ ] 6 to 10 days
   - III [ ] 11 to 20 days
   - IV [ ] 21 to 60 days
   - V [ ] 61 days and over

   (Check only one)
   - [ ] Petty
   - [ ] Minor
   - [ ] Misdemeanor
   - [x] Felony

6. Has this case been previously filed in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____
7. Has a complaint been filed in this matter? (Yes or No) No
   If yes, Judge _____ Magistrate Case No. _____
8. Does this case relate to a previously filed matter in this District Court? (Yes or No) No
   If yes, Judge _____ Case No. _____
9. Defendant(s) in federal custody as of _____
10. Defendant(s) in state custody as of _____
11. Rule 20 from the _____ District of _____
12. Is this a potential death penalty case? (Yes or No) No
13. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)? (Yes or No) No
14. Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? No
15. Did this matter involve the participation of or consultation with Magistrate Judge Marty Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024? No
16. Did this matter involve the participation of or consultation with Magistrate Judge Ellen F. D'Angelo during her tenure at the U.S. Attorney's Office, which concluded on October 7, 2024? No

By: _____
CHRISTOPHER J. CLARK
Assistant United States Attorney
FL Bar No.        588040

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name**: <u>**LEMUEL PIERRE**</u>

**Case No**: _____

Count #1:

<u>Conspiracy to Commit Wire Fraud</u>

<u>Title 18, United States Code, Section 1349</u>
* **Max. Term of Imprisonment:** Twenty (20) Years imprisonment
* **Mandatory Min. Term of Imprisonment (if applicable):** N/A
* **Max. Supervised Release:** Three (3) Years
* **Max. Fine:** $250,000 or twice the gross gain or gross loss for the offense

\*Refers only to possible term of incarceration, supervised release and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.